UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
                               )
          Plaintiffs,          )
                               )
     vs.                       )   No. 4:06-CV-1445 (CEJ)
                               )
L.L.L. MASONRY, INC.,          )
                               )
          Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant L.L.L. Masonry, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on October 4, 2006. Defendant did not file an answer or other responsive pleading. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on April 9, 2007.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are three employee benefit plans (welfare fund, pension trust, training fund), the trustees of each plan, and several labor organizations (Local Union Nos. 42-53-110, Laborers International Union of North America, AFL-CIO). Defendant L.L.L. Masonry, Inc., is a party to a collective bargaining agreement with Local Union Nos. 42-53-110. Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement.

They seek $1,630.42 in delinquent contributions, $326.09 in liquidated damages, and $176.17 in interest. Plaintiffs additionally seek $1,970.00 in attorney's fees, $1,502.00 in payroll examination fees and $517.70 in court costs. Thus, plaintiffs seek a total judgment of $6,122.38.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On June 6, 2005, defendant and Local Union Nos. 42-53-110-660 entered into a collective bargaining agreement valid through February 28, 2010. The agreement obligates defendant to make contributions to the Pension fund (Article 8), Welfare fund (Article 8), the Training fund (Article 19) and the Vacation fund (Article 7). Employers make contributions by purchasing "fringe benefit stamps" for each covered employee (Article 8, § 8). The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorney's fees and costs (Article 8, § 5(e)-(f)).

Plaintiffs submit the affidavit of Brad Soderstrom, an accountant and the controller of the benefit funds. According to Mr. Soderstrom, defendant failed to fully report the hours worked by its employees. Pursuant to the collective bargaining agreement,

Mr. Soderstrom conducted an audit of defendant's records for the period of June 6, 2005 through October 31, 2006. The report of the audit lists the hours worked each month, the contribution rate for the various types of contributions owed by defendant, and the amount owed. The report shows that defendant owes contributions for the hours worked by one employee in June 2005 and July 2005. The Court finds that plaintiffs have established they are entitled to collect $1,630.42 in delinquent contributions for this period.[1]

In addition, plaintiffs are entitled to recover liquidated damages, measured as twenty percent of the amount of delinquent contributions, and interest at the highest annual rate allowed by the State of Missouri. (Article 8, § 5(e)-(f)). The Court finds that defendant owes $326.09 in liquidated damages and $176.17 in interest. Thus, a total of $502.26 is due for delinquent contributions, liquidated damages and interest.

Mr. Soderstrom states that the cost of the payroll examination was $1,502.00. Under the agreement, when a payroll examination shows that an employer has not made a full reporting of the number of hours worked, the costs of the examination shall be paid by the

---

[1] In his affidavit, Mr. Soderstrom states that the employee who is the subject matter of this action was not a member of the union during the times in which plaintiffs are seeking contributions. Plaintiffs contend that, under the collective bargaining agreement, defendant is obligated to make contributions on behalf of both union and non-union employees. While the contractual language in this regard was anything but clear, the Court agrees. See Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 930 (8th Cir. 1984); Audit Services, Inc. v. Rolfson, 641 F.2d 757, 761 (9th Cir. 1981).

employer.  Therefore, the costs of the payroll examination, in the amount of $1,502.00 will be added to the judgment.

Plaintiffs also submit the affidavit of their attorney, Sherrie Schroder.  Ms. Schroder states that her standard hourly rate for her services is $155.00 for the year 2006 and $160 for the year 2007.  Ms. Schroder spent 4.8 hours working on this case, for a fee of $751.00.  Other attorneys and legal assistants performed ten additional hours of work for an additional fee of $1,219.00. Attorneys fees in the amount of $1,970.00, plus costs in the amount of $350.00 for the filing fee and $167.70 for service of process will be included in the judgment.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant L.L.L. Masonry in the amount of $6,122.38.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant L.L.L. Masonry [#10] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2007.